### EX PARTE M. M. MOSELEY.

*No. 3817.   Decided October 31.*

1.   **Habeas Corpus — Cumulative Punishments — Convictions at Different Terms.**—Applicant, who was confined in the State penitentiary under two judgments of conviction, the first for bribery and the second for swindling, made original application to the Court of Appeals for a writ of *habeas corpus*, in order that he might be released from further imprisonment, upon the ground that he had served out the full period under the first judgment, which was a conviction for bribery.   That his second attempted conviction for swindling was illegal and void, because the judgment in said case was rendered not at the same but at the next succeeding term of court to the judgment in the bribery case, and assessed a cumulative punishment against him, to commence at the expiration of his term assessed in the bribery case.   *Held*, that while such objection would have been well taken under the law as it aforetime existed, that inasmuch as by the language of our present statute (Penal Code, art. 800) cumulative punishments are not limited, as formerly, to two or more cases tried at the "same term of court," that said last conviction was not illegal and void because assessed at a subsequent term; wherefore said objection is not maintainable, and the *habeas corpus* was refused.

2.   **Same—Judgment Assessing Cumulative Punishment—Practice.**—Where a judgment assessing the cumulative punishment is the final judgment and sentence, *held*, that such punishment is not invalid because it had not been pronounced or declared in the original judgment of conviction.

APPEAL from the District Court of Johnson.   Tried below before Hon. J. M. Hall.

This was an original application to the Court of Appeals for the writ of *habeas corpus*, appellant being a convict in the penitentiary serving two terms under cumulative punishments.   The opinion states the whole case.

*George D. Green,* for appellant, filed a written brief, in which he cited Penal Code, art. 800; Baker v. The State; 11 Texas Ct. App., 262; Hannahan v. The State, 7 Texas Ct. App., 664; Ex Parte Hunt, 28 Texas Ct. App., 361; Ex Parte Cox, 29 Texas Ct. App., 84.

*R. H. Harrison,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—This is an original application by one J. C. Moseley, in behalf of and for one M. M. Moseley, praying this court to grant a writ of *habeas corpus* for the said M. M. Moseley to be brought before this court, in order that his further custody and confinement in the State penitentiary may be inquired into, and upon hearing of said writ, that he be finally discharged from said penitentiary.

All the facts necessary to be passed upon in connection with this petition have been agreed upon by the Assistant Attorney-General and counsel for applicant, and are now filed with the record before us. From this statement it appears that applicant is held in the penitentiary by the superintendent thereof as a convict by virtue of two judgments rendered against him in the District Court of Johnson County. The first judgment of conviction was had at the November term, 1887, and was a conviction for bribery, the punishment being assessed at three years in the penitentiary. The second conviction was had at the succeeding term, 1888, of said District Court, and was a conviction for swindling, the punishment being assessed at two years in the penitentiary. In the final judgment and sentence under the second conviction it is provided that the punishment for that conviction, to-wit, swindling, should commence and operate after the expiration of the term of service on the first judgment of conviction for bribery.

It is made to appear that after the first conviction was had for bribery applicant took an appeal in the case to the Court of Appeals, and the judgment was suspended until the Court of Appeals had decided the case, applicant in the meantime remaining in the county jail of Johnson County pending his appeal. It further appears that while he was so in jail waiting the action of the Court of Appeals on his first appeal the succeeding term of the court convened, and applicant's second case —of swindling—was reached upon the docket at that term. He was brought from jail, put upon trial, and again convicted. When his final judgment and sentence were pronounced in this second case, as stated above, it was made cumulative of and to operate after the expiration of the punishment in the first case. From the final judgment and sentence in the second case applicant also appealed to the Court of Appeals. Both cases were heard and determined in the Court of Appeals, and the judgment in each of the cases was affirmed by this court, and upon the

mandates having been sent down to the lower court, applicant was by virtue of said judgments sent to and confined in the penitentiary.

His claim to be discharged from further incarceration on account of said judgments is based upon two grounds set up in his application for the writ of *habeas corpus*. The first is that the judgments and sentences against him were rendered at different terms of the court, and that it was not legal to make the last judgment or punishment cumulative of the first; or, in other words, to tack the one upon the other; and that, in so much as he has served out the time affixed as the penalty in the first judgment against him, he can not be legally held by reason of the second, which judgment has not yet expired. In the second place he contends that if it were legal and permissible under our law to cumulate punishments where the judgments were rendered at different terms of the court, then the attempted cumulation in the second judgment was null and void, because the same was not provided for by the terms of the judgment and conviction in the second case, but was only pronounced in the final judgment, and sentence entered and declared upon that judgment.

With regard to the first ground, applicant insists that the proper construction of article 800 of the Code of Criminal Procedure, providing for cumulative punishments, limits the inflictions of such punishments to two or more cases which were tried at the same term of court. Up to the date of the adoption of the Revised Statutes of 1879 there was no provision in the law for such cumulative punishments. Willson's Crim. Stats., sec. 2590. By the provisions of the Code of Criminal Procedure, in 1879, it was prescribed in article 800 that such punishments might be assessed "where the same defendant has been convicted in two or more cases at the same term of court." But this article 800 was amended by Act of the 12th of February, 1883, page 8, to read as follows, to-wit: "When the same defendant has been convicted in two or more cases, and his punishment assessed in each at confinement in the penitentiary or county jail for a term of imprisonment, judgment and sentence shall be rendered and pronounced in each case in the same manner as if there had been but one conviction, except that the judgment in the second and subsequent conviction shall be that the punishment shall begin when the judgment and sentence in the preceding conviction have ceased to operate, and the sentence and execution thereof shall be accordingly." It will be seen from this language that the cumulative punishments provided for are not limited to convictions and sentences at the same term of court, and it is clear to our minds that the legislative intent was to change the law in that respect, so that such cumulative punishments should not thereafter be limited alone to judgments rendered at the same term of court.

Taking article 800 as it now stands, without reference to the law as it previously existed, and there is nothing in it which, in our opinion,

in the slightest degree indicates an intention on the part of the Legislature that judgments of convictions therein provided for should be thus limited and restricted, but that the contrary very clearly appears; the very words which would have been construed and held to be restrictive having been eliminated by the amendment. We are of opinion that this ground for discharge by means of a writ of *habeas corpus* is not maintainable.

As to the second ground, it is contended that the second judgment assessing the cumulative punishment is not valid and sufficient, because such cumulative punishment is not pronounced by the judgment of conviction, but is only contained in the final judgment and sentence. We are of opinion that this position is not maintainable. We think the assessment of cumulative punishment may be as well provided for in the final judgment and sentence as in the original judgment of conviction. It is expressly declared by the Code of Criminal Procedure, that "a sentence is the order of the court, made in the presence of the defendant, and entered of record, pronouncing the judgment and ordering the same to be carried into execution in the manner prescribed by law." Code Crim. Proc., art. 792.

Our conclusion of the whole matter is, that defendant is legally restrained of his liberty by virtue of the judgments and conviction in both the cases under which he was confined in the penitentiary, and that his right to discharge from such imprisonment can not be legally claimed under said judgments until he has filled out the full measure of the time affixed by the cumulative punishments assessed in the second judgment; wherefore his application for a writ of *habeas corpus* is refused. Ordered accordingly.

*Application refused.*

Judges all present and concurring.