### RICHARD CHARLES REHM V. THE STATE.

No. 18509.   Delivered November 4, 1936.

The opinion states the case.

*John A. Ballowe, Henry F. Juergens,* and *Eddie Roark,* all of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is murder; penalty assessed at confinement in the penitentiary for thirty years.

An application for a change of venue was presented, but the evidence heard upon the issue is not before this court either by statement of facts or bills of exception.

Special charges were requested and refused, the pertinency of which cannot be determined in the absence of a statement of facts or bills of exception presenting the matter for review.

The motion for new trial attacks the findings of the jury and the rulings of the court. In considering the same the trial court had the benefit of the evidence which was before the jury. In the absence of the evidence, this court must presume that the action of the trial judge was justified by the facts.

By inadvertence the judgment of conviction was omitted from the minutes of the court in which the trial took place, but upon the motion of the State the judgment of conviction was

entered by a nunc pro tunc order. Objection was interposed by the appellant to the entry of the judgment by a nunc pro tunc order in obedience to the motion of the attorney for the State, the contention being that the judgment was not binding upon the appellant. Many precedents supporting the validity of the procedure mentioned will be found collated in Tex. Jur., Vol. 12, p. 713, sec. 352, and notes. See, also, Art. 772, Vernon's Ann. C. C. P., Vol. 3, p. 152.

The judgment of the trial court is affirmed.

*Affirmed.*