ZAING HENRY V. STATE

No. 27,565. May 18, 1955
Rehearing Denied (Without Written Opinion)
June 15, 1955

*Walter L. Wray*, Dallas, for appellant.

*John F. May*, District Attorney, Karnes City, and *Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for murder; the punishment, 99 years in the penitentiary.

Trial was had on May 15, 1942, and no notice of appeal was given at the term of court during which sentence was pronounced.

Appellant, being confined in the penitentiary under said conviction, made his application to this court, alleging that the judgment entered in the case and upon which sentence was pronounced was void, one reason being that the same did not set out a jury verdict.

Pursuant to Art. 119 V.A.C.C.P., this court directed the judge of the district court of Karnes County, Texas, where the conviction was had, to ascertain the facts as to the pronouncement and entry of the judgment.

The judgment was then corrected by nunc pro tunc order but without notice to appellant or his counsel, which order was thereafter set aside, and after notice, a hearing was had upon the state's motion to correct the judgment. Appellant was brought from the penitentiary upon a bench warrant and was present, as was his counsel, at said hearing which resulted in the entry of judgment nunc pro tunc setting out the jury verdict which assessed appellant's punishment at 99 years in the penitentiary.

Appellant gave notice of appeal upon the entry of such judg-

ment and the case is before us both upon such notice of appeal and upon the application for habeas corpus.

The trial court is not without authority to correct the minutes of his court so as to make them truly reflect the judgment as pronounced by the court. This appears to have been done in the case of appellant.

The judgment as originally entered was not void because the verdict was not set out therein. If an appeal had been perfected to this court, we would have been authorized to reform the judgment so as to show the verdict of the jury appearing in the record and to make the judgment comply with the verdict. See Ex parte Pitrucha, 158 Texas Cr. R. 426, 256 S.W. 2d 415; Ex parte King, 156 Texas Cr. R. 231, 240 S.W. 2d 777.

The facts adduced upon the state's motion for entry of judgment nunc pro tunc show that the omission in the judgment as entered in the minutes was due to clerical error, and the entry of the judgment called for by the verdict of the jury and pronounced by the court at the time thereof was proper.

No other question is raised which requires discussion.

The judgment of the trial court is affirmed and appellant's prayer for discharge from the penitentiary is denied.