**Charles O. BRIAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39648.**

Court of Criminal Appeals of Texas.

May 18, 1966.

Rehearing Denied Oct. 26, 1966.

---

1. Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106.

Baldwin, Goodwin & Matheny, by Joe B. Goodwin, Beaumont, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Commissioner.

This is an appeal from the entry of a judgment nunc pro tunc.

On July 27, 1962, appellant was convicted in the 128th Judicial District Court of Orange County, in Cause #6480, of the offense of burglary. Trial was before the court, a jury being waived, upon appellant's plea of guilty to the indictment. The judgment entered in the minutes found appellant guilty of the offense, as confessed in his plea, and ordered that he be punished "by confinement in the State Penitentiary for a term of not less than two years nor more than twelve (12) years." Sentence was pronounced upon such judgment and appellant was given credit for thirty days' time spent in jail.

An original application for writ of habeas corpus was subsequently presented to this court by appellant in which he alleged that the judgment of conviction as to the punishment was void for indefiniteness and that his restraint in the Texas Department of Corrections was therefore illegal.

After the facts were developed by order of this court, an opinion was delivered on April 28, 1965, granting the writ of habeas corpus, and appellant was ordered delivered to the sheriff of Orange County to abide further orders of the district court. Ex parte Brian, Tex.Cr.App., 389 S.W.2d 467.

In the opinion we said:

"We adopt herein the procedure outlined by this Court in the case of Ex parte Hannen, 155 Tex.Cr.R. 10, 228 S.W.2d 864, 230 S.W.2d 236, in our disposition of this case.

"Relator is not entitled to be discharged, but he is ordered relieved from present confinement in the Texas Department of Corrections and delivered by the authorities of said Texas Department of Corrections to the custody of the Sheriff of Orange County, Texas, to abide the further orders of the District Court of Orange County, in Cause No. 6480, on the Criminal Docket of said court.

"Unless upon a hearing in said court it be shown that the entry of the judgment was by clerical error, and such error be corrected in the manner provided by law by the entry nunc pro tunc of the judgment actually rendered showing a definite punishment to have been actually assessed at the time of the trial, relator shall be held to answer the charge in the indictment as though a new trial had been granted.

"But should it be shown that on the original trial, relator was adjudged to be guilty of the offense of burglary and his punishment was assessed at a definite term, and a correct judgment be entered

nunc pro tunc (now for then), relator's sentence may likewise be reformed to follow such judgment. The sentence may not be otherwise altered except to make it speak the truth as to the sentence heretofore pronounced, but may be by the court credited with the time relator has been confined on such charge. Relator shall have his right of appeal from such judgment and sentence so corrected by nunc pro tunc entry."

On June 11, 1965, a motion was filed by the state, in Cause No. 6480, to enter judgment nunc pro tunc, fixing appellant's punishment at a definite term of twelve years in the penitentiary. In the motion it was alleged that the judgment rendered by the court on July 27, 1962, fixed appellant's punishment at confinement in the penitentiary for twelve years and that there was a failure to correctly enter the judgment upon the minutes of the court.

On July 6, 1965, after notice and hearing, judgment nunc pro tunc was entered by the court in the cause, fixing appellant's punishment at confinement in the penitentiary for a definite term of twelve years. A sentence following said judgment was also entered nunc pro tunc upon the minutes, directing that appellant be confined in the penitentiary for an indeterminate term of not less than two (2) nor more than twelve (12) years. The sentence further provided:

"Defendant is given credit for all time served under the original judgment herein commencing thirty (30) days prior to July 27, 1962, including credit for all good time earned since that date."

From such judgment nunc pro tunc appellant gave notice of appeal.

At the hearing, the state introduced in evidence the criminal docket sheet in Cause No. 6480, which—among other notations—contained the following:

"7 27 '62 [date] Both the State and the defendant announced ready, the indict-

ment was read, to which the defendant, although duly admonished by the Court, entered a plea of guilty; a jury being waived the evidence was heard before the Court, and the defendant was found to be guilty of the offense charged & punishment fixed at 12 yrs— in State Penitentiary & credited with 30 days in Co— Jail—
"Owen M— Lord
"Judge
"7 27 62 [date] Deft duly sentenced to serve not less than 2 yrs— nor more than 12 yrs— in State Penitentiary—"
"OML"

Mrs. Ethel Burton, District Clerk of Orange County, testified that she was familiar with Judge Lord's signature and that it was his handwriting on the docket sheet. Mrs. Burton further testified that the judgment originally entered in the minutes of the court fixed appellant's punishment at confinement in the penitentiary for twelve years but that two years later she changed the judgment in the minutes to read "not less than two nor more than twelve." Mrs. Burton admitted that such judgment was then incorrect and that she made the error.

From the evidence presented, it is shown that the judgment rendered by Judge Lord fixed appellant's punishment at confinement in the penitentiary for a definite term of twelve years and that such was the judgment originally entered in the minutes of the court. The testimony of Mrs. Burton, the district clerk, shows that it was through her error and mistake that the judgment was later changed to fix the punishment at an indefinite term of "not less than two nor more than twelve years."

■ Under the record, the trial court was authorized to correct the error and make the record speak the truth by entry of the judgment nunc pro tunc. Johnston v. State, Tex.Cr.App., 323 S.W.2d 449.

■ We overrule appellant's contention that the judgment nunc pro tunc entered

by the court is void as a matter of law because it recites that Honorable James N. Neff was the judge presiding and the testimony shows that Honorable Owen M. Lord was the judge who presided at the trial. The testimony adduced at the hearing shows that while Judge Lord was not the judge of the District Court of Orange County, he was sitting as acting judge at the time of the trial "under an order from The Honorable Max M. Rogers * * *," which order was entered of record in the minutes.

The judgment is affirmed.

Opinion approved by the court.