**Ex parte Richard POINDEXTER.**

**No. 41788.**

Court of Criminal Appeals of Texas.

Nov. 6, 1968.

Kim Day, Dallas, for appellant.

Henry Wade, Dist. Atty., Kenneth E. Blassinggame, Asst. Dist. Atty., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

Petitioner was convicted in Cause No. E 7873-KI in Criminal District Court No. 2, Dallas County, on October 17, 1968, for passing as true a forged instrument in writing and his punishment was assessed at 4 years in the Texas Department of Corrections.

On the same day in the same court, he was convicted in Cause No. E 5082-KI, for burglary and assessed the same punishment.

The sentences pronounced the same day were not cumulated and each contains the provision: "Back time allowed. Sentence to begin August 27, 1964."

Petition for writ of habeas corpus was presented to Hon. Henry King, Judge of Criminal District Court No. 2, Dallas County, who, after hearing, found that petitioner was illegally restrained by the Sheriff of Dallas County, but concluded that he was without authority to release him.

The evidence adduced at the hearing reflects that the indictments were returned on October 2, 1964, and that appellant was in prison since his arrest on August 27, 1964, until released to the Sheriff of Dallas County who holds him in custody.

Petitioner, having been continuously confined for more than four years from the date the sentences began, has credit sufficient to satisfy such sentences and the Sheriff of Dallas County is directed to release him from further restraint thereunder.