Leonard Leon **PICKETT**, Appellant,

v.

**The STATE of Texas**, Appellee.

No. 42049.

Court of Criminal Appeals of Texas.

April 30, 1969.

Bradbury, Tippen & Cross, by Jim M. Cross, Abilene, court-appointed Atty., for appellant.

Ed Paynter, Dist. Atty., Abilene, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

This is an appeal from an order entered after a hearing in a nunc pro tunc proceeding.

The record shows that the appellant, represented by court appointed counsel, on June 29, 1965, waived a jury and entered a plea of guilty before the court to each of two indictments charging the offense of assault with intent to murder with malice aforethought. In each of said Causes Nos. 10,081–A and 10,021–A in the 42nd District Court of Taylor County, the judgment and sentence as originally entered by the clerk in the minutes recites that he is guilty of "Assault with Intent to Murder," and that his punishment was assessed at twelve years.

No appeal was prosecuted and appellant is confined in the Department of Corrections under sentence in said causes.

On November 27, 1968, the district attorney filed a motion in said causes in the convicting court praying for the entry of judgments and sentences nunc pro tunc to correct the clerical errors in the original judgments and sentences as entered in the minutes of the court, alleging that in truth and in fact he was actually found guilty of and sentence was pronounced upon him in each case for the offense of: "Assault with Intent to Murder with Malice Aforethought" instead of "Assault with Intent to Murder."

At the hearing it was shown by the testimony of the trial judge who presided at the trial in said two cases that at the time of said trial he found the appellant guilty in each case of assault with intent to murder with malice aforethought as charged in the indictment, assessed his punishment at twelve years in each case, and then pronounced sentence upon him in each case.

The appellant did not testify, but recalled the trial judge who testified substantially the same as he did when first called by the state.

The evidence sufficiently supports the motion of the state and authorized the correction and reformation of the judgments and sentences to show that at his trial the appellant was found, adjudged, and pronounced guilty of assault with intent to

commit murder with malice aforethought as alleged in the indictment. Henry v. State, 126 Tex.Cr.R. 6, 279 S.W.2d 877.

Also, we are in accord with the state's contention that the judgments and sentences which reflect that the defendant was found guilty of assault with intent to murder and his punishment was assessed at a term of more than three years were sufficient to show that the convictions were for assault with intent to murder with malice aforethought, the offense charged in the indictments to which the appellant pleaded guilty. These proceedings were not essential to the validity of these convictions.

The record reflects that the appellant was present with appointed counsel at the hearing on the motions to correct the judgments and sentences nunc pro tunc, and that he had counsel on appeal.

The judgment is affirmed.