**Ex parte John Frank BROWN.**

**No. 45374.**

Court of Criminal Appeals of Texas.

March 15, 1972.

John Frank Brown, pro se.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is a post conviction application for writ of habeas corpus in which the petitioner, an inmate of the Texas Department of Corrections, seeks to set aside an order cumulating sentences.

This case was originally submitted after findings of fact and conclusions of law were developed by the Honorable Donald M. Markle, Presiding Judge of the 10th District Court of Galveston County, and transmitted to this Court pursuant to the provisions of Art. 11.07, Vernon's Ann.C. C.P. See also Ex parte Young, Tex.Cr. App., 418 S.W.2d 824.

Our original consideration of this case resulted in the writ being denied by Per Curiam Order, without prejudice as to certain claims which had not been fully developed in the trial court. However, the petitioner, in pro se, filed a motion for rehearing which has brought to light certain facts, unknown to this Court originally, which are relevant to the proper disposition of this case. This Court will take judicial notice of the Court records now on file in regard to this case and will consider the issue presented in petitioner's motion for rehearing.

A brief factual history will be necessary to set out the complicated set of circumstances which surrounds this case.

1) On March 19, 1948, petitioner entered pleas of guilty to twelve (12) pending indictments for the offenses of burglary at night time (7 cases), felony theft (4 cases) and an attempted burglary (1). All of these pleas were taken in the 56th District Court of Galveston County, and petitioner was immediately sentenced to serve a five (5) year sentence on each of these convictions.

2) The trial judge then entered an order cumulating several of these sentences as follows:

"It is further ordered by the Court that the sentences in causes Nos. 25,968, 25,970, 25,972, 25,974, 25,976, 25,978, 25,980 are to run cumulatively with the sentence in cause number 25,966 and

It is further ordered by the Court that the sentences in causes Nos. 25,982, 25,984, 25,986, 25,988 are to run concurrently with the sentence in cause No. 25,966."

3) No appeal was taken of any of these convictions, and on March 24, 1948, the petitioner was received into the Texas Department of Corrections with his commitment papers reflecting a ten year sentence.[1]

4) On May 20, 1948, the trial judge informed the prison administration by letter that petitioner should be *serving a forty (40) year sentence,* not a ten year sentence; and the Court sent corrected judgment and sentence orders to the prison authorities. The revised judgment read as follows:

"It is further ordered by the Court that the sentences in causes Nos. 25,968, 25,970, 25,972, 25,974, 25,976, 25,978, 25,980 are to run cumulatively with the sentence in cause No. 25,966, and *cumulatively with each other (C.G.D.)* [2] and It is further ordered by the Court that the sentences in causes Nos. 25,982, 25,984, 25,986, 25,988 are to run concurrently with the sentence in cause No. 25,966."

5) On receipt of these new commitment papers, the Texas Department of Corrections revised petitioner's sentence to require him to serve a forty (40) year term.

---

1. This Court interprets the above cumulation order as intending that this defendant was to serve a total ten (10) year sentence.

2. The italicized material was written in ink on all of petitioner's court records on May 20, 1948. The notation "C.G.D.", in ink, reflected the initialed approval of the trial judge.

Petitioner complains that the belated cumulation of these sentences was improper. We agree, for several reasons.

■ Initially, under the law in force at the time of this trial, it was improper for the trial court to make modification, or correct errors, in the court records after the term of court had expired in which the defendant had been tried. This was done by the trial court in this case. See Vernon's Ann.C.C.P.1925, Art. 772, O.C. 686;[3] Williams v. State, 145 Tex.Cr.R., 536, 170 S.W. 482; Hinman v. State, 54 Tex.Cr.R. 434, 113 S.W. 280, 281; Offield v. State, 61 Tex.Cr.R. 585, 135 S.W. 566, 568; Ex parte Pruitt, 139 Tex.Cr.R. 438, 141 S.W. 2d 333; Cf. Ex parte Patterson, 139 Tex. Cr.R. 489, 141 S.W.2d 319.

■ Secondly, the trial court was in error in effecting any changes in petitioner's judgment without conducting a formal Nunc Pro Tunc proceeding. See Art. 772, V.A.C.C.P., 1925, *supra*; Collins v. State, 16 Tex.Cr.R. 274 (1884); Rehm v. State, 131 Tex.Cr.R. 268, 97 S.W.2d 956; Ex parte Patterson, *supra*. See also Brian v. State, Tex.Cr.App., 406 S.W.2d 912; Pickett v. State, Tex.Cr.App., 440 S.W.2d 853; Moore v. State, Tex.Cr.App., 446 S.W.2d 877.

■ Thirdly, we hold that it was improper to effect that change in these records without notifying petitioner, or his counsel, that a Nunc Pro Tunc order would be entered, and without affording petitioner the opportunity to be personally present at such hearing. See Madison v. State, 17 Tex.App. 479 (1885); Mapes v. State, 13 Tex.App. 85 (1882); Vestal v. State, 3 Tex.App. 648 (1878); Cleveland v.

State, 128 Tex.Cr.R. 552, 82 S.W.2d 974; Rios v. State, 79 Tex.Cr.R. 89, 183 S.W. 151; Ex parte Patterson, *supra*.[4]

■ Finally, we note that at the time that the court entered its resentencing order, making these additional sentences to run consecutively, petitioner had already been incarcerated in the Texas Department of Corrections for approximately two calendar months. Thus, it is apparent that petitioner had already suffered partial punishment under the *original* sentence at the time the more lengthy commitment was re-assessed by trial court's informal order of May 20, 1948. Such a belated attempt at altering the terms of a defendant's sentence has been declared null and void of effect. See Turner v. State, 116 Tex.Cr.R. 154, 31 S.W.2d 809; Powell v. State, 124 Tex.Cr.R. 513, 63 S.W.2d 712; Williams v. State, 145 Tex.Cr.R. 536, 170 S.W.2d 482; Ex parte Lange, 18 Wall, 163, 176, 21 L. Ed. 872 (1874).

We have recently held that a trial judge may not resentence a defendant at a later date in order to cumulate his sentences, if the judge did not so impose this cumulation order at the first sentencing hearing. See Ex parte Reynolds, Tex.Cr.App., 462 S.W.2d 605. The rationale of Reynolds, *supra*, is sound, and we reaffirm that ruling.

For the reasons stated, the cumulation orders entered on May 20, 1948, are hereby set aside and vacated. Since petitioner has credit for service in excess of the ten year term of imprisonment to which he was initially sentenced on March 19, 1948, he is entitled to immediate release from further confinement. See Ex parte Balas, Tex.

3. Arts. 42.05 and Art. 42.06, V.A.C.C.P., as amended, 1965, now allow trial courts to make amendments, and correct clerical errors, in the judgments and sentences after the term of court expires.

4. While we do not feel that it is necessary to discuss the Constitutional ramifications of the procedures utilized in this case, we recognize that an indigent criminal defendant should always be represented by

counsel at every "critical" stage of the criminal proceedings. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799. It is axiomatic that the indigent be afforded counsel at the formal sentencing hearing in order that he might effectively pursue his appellate remedies. Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336; Ex parte Vestal, Tex.Cr.App., 468 S.W.2d 372

Cr.App., 412 S.W.2d 53; Ex parte Poindexter, Tex.Cr.App., 433 S.W.2d, 437; Ex parte Ramsey, Tex.Cr.App., 472 S.W.2d 145.

The original Per Curiam Order entered by this Court is withdrawn, this petitioner's application for writ of habeas corpus is granted, and he is ordered released from custody.

A copy of this opinion will be delivered to the Director of the Texas Department of Corrections.