

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

May 12, 1975

The Honorable Edna Cisneros
County and District Attorney
County of Willacy
Second Floor, Courthouse
Raymondville, Texas 78580

Opinion No. H- 603

Re: Authority of a sheriff
to permit a prisoner to
serve his sentence on
off-work hours and
weekends as provided
for by article 42.03,
Code of Criminal Pro-
cedure, and the power
of the trial court to
modify a sentence to
provide for the service
of time on off-work
hours and weekends.

Dear Ms. Cisneros:

You have asked our opinion concerning the following provision of
article 42.03, Code of Criminal Procedure (the article dealing generally
with the pronouncement of sentence in criminal cases):

> Sec. 5. Where jail time has been awarded,
> the trial judge may, when in his discretion the ends
> of justice would best be served, sentence the defend-
> ant to serve his sentence during his off-hours, or
> on weekends. When such sentence is permitted by
> the trial judge it must be served on consecutive days
> or on consecutive weekends. . . .

You observe in your opinion request that:

> The authority of a judge to allow the defendant
> to serve his time on weekends has created a problem
> in Willacy County. Defendants who have already been
> sentenced to serve jail sentences and who are serving
> said sentences are now approaching the Judges with
> informal requests to be permitted to serve their jail
> sentences on weekends or at night. Several of the
> Judges have taken the position that the matter is within
> the discretion of the Sheriff.

p. 2674

You then pose the following questions:

   · 1.   Can the Sheriff permit prisoners to leave his jail to work, etc. , and permit them to serve their jail sentences at his discretion (on weekends and nights) once they have been sentenced?

   2.   Can the Court, during term time, modify its sentence to permit a Defendant who has already served part of his sentence to serve time on weekends, etc. ?

   3.   Can a Court, after term time, modify its sentence to permit a Defendant to serve time on weekends, etc. ?

With regard to your first question, the sheriff has no authority to permit a prisoner confined to his keeping to serve this sentence on off-work hours or on weekends unless the sentence pronounced by the Court specifies that the sentence imposed be served in this fashion.

Article 42.03 provides that it is "the trial judge" who must make the determination that a sentence be served during off-work hours or on weekends; no authority is given to the sheriff to make this determination.

The sheriff's responsibility for the custody of prisoners committed to his care is set out by article 2.18, Code of Criminal Procedure, which reads:

   When a prisoner is committed to jail by warrant from a magistrate or court, he shall be placed in jail by the sheriff. It is a violation of duty on the part of any sheriff to permit a defendant so committed to remain out of jail, except that he may, when a defendant is committed for want of bail, or when he arrests in a bailable case, give the person arrested a reasonable time to procure bail; but he shall so guard the accused as to prevent escape.

The sheriff's duties in safely keeping prisoners are further defined in article 5116, V. T. C. S., which provides in pertinent part:

>      (a)  Each sheriff is the keeper of the jail of his
> county.  He shall safely keep therein all prisoners com-
> mitted thereto by lawful authority, subject to the order
> of the proper court, and shall be responsible for the
> safe keeping of such prisoners. . . .

Article 43.13, Code of Criminal Procedure, provides for the release of
a prisoner sentenced to jail as follows:

> A defendant who has remained in jail the length of time
> required by the judgment and sentence shall be dis-
> charged.  The sheriff shall return the copy of the judgment
> and sentence, or the capias under which the defendant was
> imprisoned, to the proper court, stating how it was executed.

In construing article 51 of the Code of Criminal Procedure of 1879 (the
earliest predecessor to article 2.18, Code Criminal Procedure of 1965), the
Court in Ex parte Wyatt, 16 S.W. 301 (Ct. App. 1891) observed:

>      Our statute (Code Crim. Proc. Art. 51) provides
> that when a prisoner is committed to jail by lawful
> warrant from a magistrate or court, he shall be
> placed in jail by the sheriff; and it is a violation of
> duty on the part of any sheriff to permit a defendant
> so committed to remain out of jail, etc. . . . The
> sheriff has no right, no matter what his motives,
> whether of humanity or not, to commute or alter this
> punishment, and any act of his doing so is a violation
> of his duty, and absolutely void.  (Emphasis supplied).

Accordingly, it is our opinion that the Sheriff is without authority to modify
the sentence of a prisoner so as to allow the satisfaction of the sentence to be
accomplished on off-work hours or on weekends.

Your second question concerns the power of the court during term time to
modify a sentence by awarding jail time so as to permit the execution of the
sentence during off-work hours or on weekends.

The Texas Court of Criminal Appeals, in Stephens v. State, 277 S.W. 2d 911
(Tex. Crim. App. 1955), considered the propriety of the setting aside of one
judgment and the entry of another; the Court observed:

The Honorable Edna Cisneros, page 4    (H-603)

> Being within the term, the court had full power
> and control over the judgment entered and authority
> to correct, modify or set the same aside.  Id. at 913.

It is true that there is authority holding that where a defendant has served a part of a sentence imposed under a judgment, the trial court may not thereafter alter the judgment.  See Ex parte Brown, 477 S.W. 2d 552 (Tex. Crim. App. 1972); and Ex parte Reynolds, 462 S.W. 2d 605.(Tex. Crim. App. 1971).  However, the Brown and Reynolds rule arises out of attempts by a court to increase punishment by the judgment modification, thus generating a double jeopardy violation.

In Reynolds, the Court of Criminal Appeals struck down the trial court's attempted cumulation of sentences, which originally ran concurrently under the earlier judgment, by relying on previous case law:

> . . . The effect of the action of the court would be
> to punish appellant twice for the same offense.  Under
> our Constitution, no person, for the same offense, shall
> be twice put in jeopardy of life or liberty.  Constitution
> of Texas, art. 1, §14.  462 S.W. 2d at 607.

The Court further added:

> It seems well established that a trial court is
> without power to set aside a sentence after the defendant
> has been committed thereunder, and impose a new or dif-
> ferent sentence increasing the punishment, even at the same
> term. . . . Id.

However, in Reynolds the Court specifically acknowledged "the general rule that a trial court has full power and control of its judgments, orders and decrees, during the term at which they have been made, and that, in the exercise of that power, he may, at the same term of court, correct, modify or set them aside."  Id.

The limit on a court's power to modify its judgment in the same term after the accused has suffered some punishment under it has been stated in terms of a lack of power to change it "in any substantial respect."  Williams v. State, 170 S.W. 2d 482, 486 (Tex. Crim. App. 1943); Grisham v. State, 19 Tex. App. 504, 515 (Tex. Ct. App. 1885).

One court has explained the difference between substantial and incidental elements of a sentence as follows:

> The substance of an imprisonment sentence is that part of it which prescribes the kind and amount of the punishment. These elements of it the court cannot change. . . .
>
> The portions of it directing when execution shall commence, or in what particular prison it shall be accomplished, are not of substance, and may more freely be added or altered. Fels v. Snook, 30 F.2d 187 (N. D. Ga. 1929).

Accordingly, under the authorities, we believe it would probably be held that where a trial court does not add to the punishment originally imposed nor decrease its severity, the court can modify the original judgment by providing for a more convenient way of satisfying the judgment: e.g., the service of the sentence imposed on off-work hours and weekends.

Your third question concerns the power of a court to modify a judgment where the term of court in which the original judgment was entered has expired. In this instance, the court may not modify the judgment so as to permit the sentence to be served during off-work hours and weekends. Ex parte Reynolds, supra. But where the court at the time of the original sentence actually called for the serving of time during off-work and weekend periods and the provision therefore was erroneously omitted from the sentence as drawn and entered in the records, the court can make the correction to reflect what actually transpired at the initial hearing by a nunc pro tunc order, even after term time has expired. Code Crim. Proc. art. 42.06; Ex parte Brown, supra.

## S U M M A R Y

Where not provided for in the sentence, a sheriff may not permit a defendant to serve his time during off-work hours and on weekends. The trial court may,

however, modify the sentence to provide for service on off-work hours and on weekends during term time, but not after the term has expired.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee