IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,578-01






EX PARTE DANIEL DEWAYNE MARTIN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 03-11-5621A IN THE 286TH DISTRICT COURT


FROM HOCKLEY COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty and received
deferred adjudication for the offense of sexual assault of a child. Pursuant to the State's motion to
adjudicate guilt, Applicant was convicted and sentenced to four years' imprisonment. He did not
appeal his conviction.

 Applicant contends, inter alia, that he was denied counsel during sentencing. Specifically,
he asserts that following the adjudication of guilt the trial court sentenced him to a term of three
years' imprisonment, but after Applicant's trial counsel left the court room, the trial court re-sentenced him to four years' imprisonment.

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Brown, 477
S.W.2d 552, 554 (Tex. Crim. App. 1972). In these circumstances, additional facts are needed. As
we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. The trial court shall provide the State with another 
opportunity to respond to Applicant's claim. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant was re-sentenced in the
absence of counsel. The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: April 30, 2008

Do not publish