HARVEY ELLIOTT V. STATE.

No. 25083. January 3, 1951.
Rehearing Denied March 14, 1951.

496

*Cunningham, Cole & Southerland,* Bonham, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted for the theft of a cow from one E. E. Morris. His punishment was assessed at five years in the penitentiary.

Eldon Morris Roten was also indicted for the theft of said cow, and testified as an accomplice witness for the state on appellant's trial.

The accomplice witness' testimony, if true, showed the guilt of appellant as charged. He testified that he had pleaded guilty to the offense and had received a suspended sentence for his part in the theft.

Appellant's motion for new trial was overruled and he was sentenced and gave notice of appeal on July 28, 1950. The term of court began on June 5, 1950, and adjourned on October 30, 1950.

There are two bills of exception in the record which show to have been filed on September 25, 1950.

The thirty days allowed by law for the filing of bills of exception does not appear to have been extended by the trial court, and had expired at the time the bills were filed. Under such facts, the bills of exception cannot be considered by this court. See Art. 760, Sec. 5, C.C.P., Gray v. State, 129 Tex. Cr. R. 651, 91 S.W. 2d 732.

There is ample evidence to corroborate the testimony of the accomplice. Witnesses identified the cow as the property of the owner Morris, and as being the cow delivered by appellant to his son Henry W. Elliott, who sold the cow to one B. W. Tarpley at the auction ring at Howe, Texas.

Tarpley then sold the cow through the auction ring to one Clay Roberson from whom it was recovered and returned to the owner.

The judgment upon the jury's verdict, assessing a five-year

term in the penitentiary, provides that appellant be punished by confinement in the penitentiary for an "indeterminate" term of five years.

The judgment is reformed so as to delete the word "indeterminate" in order that the judgment may follow the verdict.

The evidence being deemed sufficient to support the verdict and no reversible error appearing, the judgment as reformed is affirmed.

Opinion approved by the court.

ON MOTION FOR REHEARING.

MORRISON, Judge.

Bill of Exception No. 1 complains of the court's refusal to allow the witness to answer the question "if it was not a fact that the witness was willing to plead guilty to stealing the cow under the facts as the witness had related, clearly showing no violation of law." The bill further states that: "If the court had permitted said question to be answered, the witness would have stated that he was willing to plead guilty and had in fact already pleaded guilty and received a suspended sentence as punishment for stealing the identical cow involved."

The record shows that on direct examination the witness had testified to the same facts set out in the expected answer in the bill.

Appellant takes the position in his motion for rehearing that by virtue of the ruling of the court he was "cut off from pursuing the related matters of why he did so."

We are bound by the terms of the bill, and the expected answer set forth therein shows no fact not already in evidence. Hence, the bill presents nothing for our consideration.

Finding no reversible error, appellant's motion for rehearing is overruled.