Jimmie Joe MOORE, Appellant,

v.

The STATE of Texas, Appellee.

No. 42289.

Court of Criminal Appeals of Texas.

Nov. 5, 1969.

Bill Glaspy, Mesquite, for appellant.

Henry Wade, Dist. Atty., Malcolm Dade, Camille Dade, Camille Elliott, James P. Finstrom, Annelle Moody, Harold Entz and John Stauffer, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

Charles Prock, Fort Stockton, for appellant.

Jim Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

On June 22, 1967, appellant waived trial by jury and entered a plea of guilty before the court to the offense of burglary in Cause No. 812 in the 112th District Court of Pecos County. At such trial the appellant took the witness stand and made a judicial confession. Judgment and sentence were entered on that same date.

No appeal was prosecuted and appellant is confined in the Texas Department of Corrections under sentence in said cause applying the indeterminate sentence and assessing his punishment at not less than 2 nor more than 10 years.

On February 20, 1969, the appellant filed an application for writ of habeas corpus under the provisions of Article 11.07, Vernon's Ann.C.C.P., alleging that as a result of judicial error the punishment assessed by the court and reflected in the judgment itself was uncertain and indefinite, and that having credit in excess of the minimum penalty which could have been assessed he was entitled to release.

On April 1, 1969, the State filed a motion in the trial court for the entry of a judgment nunc pro tunc reciting the judgment actually rendered by the court on June 22, 1967, and requesting that the same be correctly entered on the minutes of the court.

Notice was served upon the appellant, and at a hearing on May 5, 1969, with appellant and his court appointed counsel present, the trial court ordered that the judgment entered be reformed and corrected so as to show that the punishment assessed was 10 years as pronounced in open court rather than as a term of not less than 2 nor more than 10 years as shown in the recorded judgment by clerical error in its entry. The corrected judgment was entered nunc pro tunc.

The post conviction application for writ of habeas corpus was then overruled, without an evidentiary hearing, on the ground that the same was now moot.

The appellant then gave notice of appeal only from the "Judgment Nunc Pro Tunc."

■ The right of appeal before this Court is limited to the validity of the nunc pro tunc entry. Cunningham v. State, 167 Tex.Cr.R. 641, 322 S.W.2d 538; Johnston v. State, 168 Tex.Cr.R. 79, 323 S.W.2d 449.

In Johnston v. State, supra, it was written:

"A trial court is not without authority to correct the minutes of his court so as to make them truly reflect the judgments actually pronounced. Henry v. State, 162 Tex.Cr.R. 6, 279 S.W.2d 877. Errors in the entry of a judgment or sentence are subject to correction by nunc pro tunc entry in order to make the court minutes correctly reflect the order actually made by the trial judge at the trial. Ex parte Hatfield, 156 Tex.Cr.R. 92, 238 S.W.2d 788. It has been held that if, in fact, a definite punishment was assessed and the entry of a judgment showing otherwise was by a cleri-

cal error, the judgment may be corrected by the court which rendered it under its inherent powers by nunc pro tunc entry of the judgment as the same was actually rendered in the case when tried. Ex parte Hannen, 155 Tex.Cr.R. 10, 228 S. W.2d 864, 230 S.W.2d 236, and Ex parte Stansbury, 155 Tex.Cr.R. 73, 231 S.W.2d 431."

At the hearing on the State's motion to enter a nunc pro tunc order it was stipulated that the judgment originally entered on the minutes of the court improperly assessed punishment at "not less than two nor more than ten years."

It appears to have been the personal recollection of the trial judge who presided at both proceedings that he had definitely assessed appellant's punishment at 10 years' confinement following the plea of guilty and that the error in the entered judgment was clerical. See 33 Tex.Jur.2d, Judgments, Sec. 31, p. 523.

Further, attention was called to the entry on the docket sheet which reads "The Defendant was found guilty; sentence time duly waived by Defendant; Defendant sentenced to term of confinement in the State Department of Corrections for a term of not less than (2) nor more than (10) years; * * *"

Appellant vigorously contends that the error was judicial not clerical and not subject to correction by a nunc pro tunc entry. He relies heavily upon a transcription of the court reporter's notes at the trial which reflects that after evidence was heard on appellant's plea of guilty, the State recommended a punishment of ten years, the appellant was called forward and the following occurred:

"(Reporter's note: Whereupon, the Defendant, Jimmy Joe Moore, approached the bench; thereafter, the following occurs * * *)

"THE COURT: Under the circumstances, the Court does assess your sentence by confinement in the Texas De-

partment of Corrections for a term of not less than two (2) years nor more than ten (10) years. Also, sir, I would like to point out that * * *"

Appellant would have us read the word "sentence" used above as meaning "punishment" and consider the above as the pronouncement of the judgment in open court rather than the imposition of sentence applying the indeterminate sentence law. Since judgment and sentence were entered on the same day we cannot so conclude.

■ Appellant's counsel further urged in oral argument before this Court that the entries on the printed form of the original judgment were made in the trial judge's own handwriting and that such indicated judicial error. We cannot agree. A judge may commit clerical error as well as judicial error.

■ While the matter was not as fully developed on the hearing to enter the judgment nunc pro tunc as it might have been, we conclude, in light of the record, the trial judge did not abuse his discretion in ordering the entry of a judgment nunc pro tunc.

The order is affirmed.