02-11-366-CR












 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO.
02-11-00366-CR

 

 


 
 
 Robbie
 Loftin
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From
 the 362nd District Court
  
 of
 Denton County (F-2008-0578-D)
  
 November
 15, 2012
  
 Per
 Curiam
  
 (nfp)
 
 


 

JUDGMENT

 

         
This court has considered the record on appeal in this case and holds that
there was no error in the trial court’s judgment.  It is ordered that the
trial court’s July 28, 2011 “judgment of
conviction by jury amended nunc pro tunc” is affirmed.

 

SECOND DISTRICT COURT OF APPEALS

 

 

PER
CURIAM

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO.
02-11-00366-CR

 

 


 
 
 Robbie Loftin
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 362nd District Court OF Denton COUNTY

----------

MEMORANDUM
OPINION[1]

----------

         
Pro se appellant Robbie Loftin appeals the trial
court’s July 28, 2011 “Judgment of
Conviction by Jury Amended Nunc Pro Tunc.”  In two issues, appellant argues
that the trial court applied judicial reasoning when signing an earlier nunc pro tunc judgment and that
he is innocent of felony driving while intoxicated (DWI).[2]  We affirm.

Background
Facts

         
In early 2008, a grand jury indicted appellant for committing felony DWI.  The indictment alleged that appellant had been
previously convicted of two misdemeanor DWIs. 
Also, in punishment enhancement paragraphs, the indictment asserted that
appellant had been convicted of one felony DWI and
one other felony offense.[3] 
In September 2008, a jury convicted appellant for felony DWI
“as alleged in the indictment.”  The same month, the trial court signed
its original judgment of conviction.  The original judgment indicated that
appellant had pled not guilty, that the jury had found him guilty, that the
result of this finding was appellant’s conviction for a first-degree felony,
that appellant had pled not true to the two punishment enhancement paragraphs,
that the jury had found both of those paragraphs to be true, and that the jury
had assessed appellant’s punishment at twenty-six years’ confinement. 
Appellant appealed his conviction, and we affirmed it.  See Loftin v. State, No. 02-08-00324-CR, 2010 WL
1730859, at *4 (Tex. App.—Fort Worth Apr. 29, 2010, pet. ref’d)
(mem. op., not designated for publication).

         
In March 2011, the State filed a motion for judgment nunc
pro tunc.  In the motion, the State contended
that the original judgment had incorrectly reflected that appellant had been
convicted of a first-degree felony because he had actually been convicted of a
third-degree felony for which punishment was enhanced by two previous felony
convictions.  The State asked the trial court to enter a judgment nunc pro tunc “to correctly
reflect the degree of the offense along with punishment enhancements.” 
The trial court granted the motion and ordered the original judgment to be
corrected to show that “the degree of offense [was] a third-degree felony that
was enhanced . . . to a punishment
range of 25 to 99 years, or life.”  The resulting “Judgment of Conviction by Jury Nunc Pro Tunc” stated that appellant had been convicted of a
third-degree felony that was “enhanced
under section 12.42(d)” of the penal code.  Appellant did not
appeal the March 2011 nunc pro tunc
judgment.

         
In July 2011, appellant filed a motion for judgment nunc
pro tunc.  Appellant contended that the first nunc pro tunc judgment was
improper because in describing the enhancement of appellant’s punishment, it
used a capital letter in “12.42(D)” rather than stating that the punishment had
been enhanced under penal code section “12.42(d).”  In response to
appellant’s motion, the trial court entered a second nunc
pro tunc judgment, which stated that his punishment
had been enhanced under section “12.42(d).”

         
In August 2011, appellant filed a motion for new trial, alleging that the trial
court had abused its discretion by entering the first nunc
pro tunc judgment and changing the description of the
classification of appellant’s offense from a first-degree felony to a
third-degree felony.[4] 
Appellant contended that the trial court used judicial reasoning when
correcting the original judgment and that he was entitled to a new punishment
hearing.  Shortly after filing the motion for new trial, appellant brought
this appeal, stating that he was appealing from the nunc
pro tunc judgment signed on July 28, 2011.

Appellant’s
Issues

         
In his first issue, appellant contends that the trial court abused its
discretion by, in March 2011, granting the State’s motion for judgment nunc pro tunc because the court
allegedly applied judicial reasoning instead of correcting a clerical error
when it changed the description of the offense in the judgment from a
first-degree felony to a third-degree felony.  In his second issue,
appellant contends that he is actually innocent of his underlying DWI conviction.

         
After a defendant’s conviction becomes final, we have limited jurisdiction, on
a timely direct appeal, to consider the propriety of a trial court’s nunc pro tunc judgment, but we do
not have authority to review the underlying conviction or other ancillary
matters.[5] 
See Blanton v. State, 369 S.W.3d 894, 900, 904
(Tex. Crim. App. 2012); Moore v. State, 446 S.W.2d
878, 879 (Tex. Crim. App. 1969) (“The right of appeal before this Court is
limited to the validity of the nunc pro tunc entry.”); Cunningham v. State, 167 Tex. Crim.
641, 643, 322 S.W.2d 538, 540 (1959) (“In cases such
as this the right of appeal, if any, is limited to the validity of the nunc pro tunc entry.  Appellant
is not entitled to appeal from the conviction
itself . . . .”); see also Collins v. State, 240 S.W.3d 925, 929 (Tex. Crim. App. 2007) (explaining that an
appeal from a nunc pro tunc
judgment is not the correct procedure for deciding an issue related to the
defendant’s conviction); Johnson v. State, No. 03-98-00398-CR, 1998 WL
546340, at *1 (Tex. App.—Austin Aug. 31, 1998, pet. ref’d) (not designated for publication) (“The order
granting judgment nunc pro tunc
is itself an appealable order, but is distinct from the judgment of
conviction.”).  A writ of habeas corpus under article 11.07 is the
exclusive avenue of reviewing a final, noncapital felony conviction.  See
Tex. Code Crim. Proc. Ann. art. 11.07, § 5
(West Supp. 2012); Ex parte Baker, 185 S.W.3d 894,
895 (Tex. Crim. App. 2006); Ex parte Mendenhall, 209 S.W.3d
260, 261 (Tex. App.—Waco 2006, no pet.) (stating that “an article 11.07 habeas is the exclusive means
to set aside a prior felony conviction in a collateral proceeding”).

         
Although appellant timely appealed from the trial court’s July 2011 nunc pro tunc judgment, neither
of his issues relate to the propriety of that judgment, which simply changed
“12.42(D)” to “12.42(d).”  Instead, his first issue concerns the propriety
of the March 2011 nunc pro tunc
judgment.  But appellant requested the change that the trial court made in
the March 2011 judgment, and even if appellant was dissatisfied with that judgment, he did not timely appeal from it.  See
Blanton, 369 S.W.3d at 903–04 (explaining that
appeals from nunc pro tunc
judgments must be brought within thirty days after the judgment is entered); see
also Tex. R. App. P. 26.2(a)(1) (stating that the
defendant generally must file a notice of appeal within “30 days
after . . . the day the trial court enters an appealable
order”).  Thus, we conclude that we cannot consider appellant’s complaint
about the March 2011 nunc pro tunc
judgment in this appeal that, according to the precedent from the court of
criminal appeals cited above, must be limited to the propriety of the
timely-appealed July 2011 nunc pro tunc judgment.[6] 
We overrule appellant’s first issue.

         
In appellant’s second issue, he contends that he is actually innocent of his
felony DWI charge, citing Schlup
v. Delo, 513 U.S. 298, 314–15, 115 S. Ct.
851, 860–61 (1995).  We cannot consider this claim in this limited
appeal.  As the State contends, such a claim must be presented through an
application for a writ of habeas corpus.  See Tex. Code Crim. Proc.
Ann. art. 11.07, §§ 4(a)(2), 5; Bd. of
Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.,
910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (“Article
11.07 provides the exclusive means to challenge a final felony conviction.
 Jurisdiction to grant post conviction habeas
corpus relief . . . rests exclusively with this Court.”); Moore,
446 S.W.2d at 879; see also Ex parte Brooks,
219 S.W.3d 396, 400–01 (Tex. Crim. App. 2007)
(describing circumstances by which a Schlup claim
may be brought under article 11.07).  We overrule appellant’s second
issue.

Conclusion

         
Having overruled appellant’s issues, we affirm the trial court’s
July 28, 2011 “Judgment of
Conviction by Jury Amended Nunc Pro Tunc.”

 

PER CURIAM

 

PANEL:  LIVINGSTON, C.J.;
MEIER and GABRIEL, JJ.

 

DO NOT PUBLISH

Tex. R. App.
P. 47.2(b)

 

DELIVERED: 
November 15, 2012














[1]See
Tex. R. App. P. 47.4.





[2]A
person commits DWI by being intoxicated while
operating a motor vehicle in a public place.  Tex. Penal
Code Ann. § 49.04(a) (West Supp. 2012).  DWI
is a third-degree felony if the defendant has been previously convicted of two
other DWIs.  Id. § 49.09(b)(2) (West Supp. 2012).





[3]See
id. § 12.42(d) (West Supp. 2012) (stating that
generally, if a defendant is convicted for a felony other than a state jail
felony and has two previous and final felony convictions, the defendant “shall
be punished by imprisonment . . . for life, or for any term
of not more than 99 years or less than 25 years”).





[4]This,
however, is the precise relief that appellant requested by filing an original
proceeding in this court and by filing a motion in the trial court before the
State filed its motion for judgment nunc pro tunc.  See In re Loftin,
No. 02-11-00070-CV, 2011 WL 856939, at *1 (Tex. App.—Fort Worth
Mar. 8, 2011, orig. proceeding) (mem. op.) (“[R]elator requested that the
trial court’s judgment be corrected to show that he was convicted of a third-degree
felony with punishment enhancements rather than a first-degree felony.”); Loftin v. State, No. 02-10-00531-CR, 2011 WL
476858, at *1 (Tex. App.—Fort Worth Feb. 10, 2011, no pet.) (mem. op., not designated for
publication) (“Appellant Robbie Loftin
filed a pro se ‘Motion for Judgment Nunc Pro Tunc’ in the trial court, contending that the . . .
judgment of his conviction for driving while intoxicated erroneously state[d]
that he was convicted of a first[-]degree felony instead of a third[-]degree
felony, which the indictment had alleged.”).





[5]We
informed appellant of this fact in a March 2012 order, stating that he was “not
entitled to challenge his underlying conviction” in this appeal.





[6]Moreover,
appellant does not adequately explain why he believes that the March 2011 nunc pro tunc judgment resulted
from judicial reasoning.  It is clear to us from the record and the law
that appellant was charged with a third-degree felony (his indictment cited
penal code section 49.09 and alleged two prior misdemeanor DWI
convictions) and was convicted of that offense by a jury as charged in the
indictment.  See Tex. Penal Code Ann. § 49.09(b)(2).  There is no provision in section 49.09 for elevating
an ordinary DWI conviction under section 49.04 to a
first-degree felony.  Thus, the March 2011 judgment corrected a clerical
error by making the judgment truly reflect what had occurred in appellant’s
trial.  See Ex parte Poe, 751 S.W.2d
873, 876 (Tex. Crim. App. 1988).