

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00366-CR

| | | |
|---|---|---|
| Robbie Loftin | § | From the 362nd District Court |
| | § | of Denton County (F-2008-0578-D) |
| v. | § | November 15, 2012 |
| | § | Per Curiam |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the trial court's July 28, 2011 "JUDGMENT OF CONVICTION BY JURY AMENDED NUNC PRO TUNC" is affirmed.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00366-CR

ROBBIE LOFTIN                                                                          APPELLANT

V.

THE STATE OF TEXAS                                                                        STATE

----------

## FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

----------

## **MEMORANDUM OPINION**[1]

----------

Pro se appellant Robbie Loftin appeals the trial court's July 28, 2011 "JUDGMENT OF CONVICTION BY JURY AMENDED NUNC PRO TUNC." In two issues, appellant argues that the trial court applied judicial reasoning when

---

[1]*See* Tex. R. App. P. 47.4.

signing an earlier nunc pro tunc judgment and that he is innocent of felony driving while intoxicated (DWI).[2] We affirm.

## Background Facts

In early 2008, a grand jury indicted appellant for committing felony DWI. The indictment alleged that appellant had been previously convicted of two misdemeanor DWIs. Also, in punishment enhancement paragraphs, the indictment asserted that appellant had been convicted of one felony DWI and one other felony offense.[3] In September 2008, a jury convicted appellant for felony DWI "as alleged in the indictment." The same month, the trial court signed its original judgment of conviction. The original judgment indicated that appellant had pled not guilty, that the jury had found him guilty, that the result of this finding was appellant's conviction for a first-degree felony, that appellant had pled not true to the two punishment enhancement paragraphs, that the jury had found both of those paragraphs to be true, and that the jury had assessed appellant's punishment at twenty-six years' confinement. Appellant appealed his conviction, and we affirmed it. *See Loftin v. State*, No. 02-08-00324-CR, 2010 WL 1730859,

---

[2]A person commits DWI by being intoxicated while operating a motor vehicle in a public place. Tex. Penal Code Ann. § 49.04(a) (West Supp. 2012). DWI is a third-degree felony if the defendant has been previously convicted of two other DWIs. *Id.* § 49.09(b)(2) (West Supp. 2012).

[3]*See id.* § 12.42(d) (West Supp. 2012) (stating that generally, if a defendant is convicted for a felony other than a state jail felony and has two previous and final felony convictions, the defendant "shall be punished by imprisonment . . . for life, or for any term of not more than 99 years or less than 25 years").

at *4 (Tex. App.—Fort Worth Apr. 29, 2010, pet. ref'd) (mem. op., not designated for publication).

In March 2011, the State filed a motion for judgment nunc pro tunc. In the motion, the State contended that the original judgment had incorrectly reflected that appellant had been convicted of a first-degree felony because he had actually been convicted of a third-degree felony for which punishment was enhanced by two previous felony convictions. The State asked the trial court to enter a judgment nunc pro tunc "to correctly reflect the degree of the offense along with punishment enhancements." The trial court granted the motion and ordered the original judgment to be corrected to show that "the degree of offense [was] a third-degree felony that was enhanced . . . to a punishment range of 25 to 99 years, or life." The resulting "JUDGMENT OF CONVICTION BY JURY NUNC PRO TUNC" stated that appellant had been convicted of a third-degree felony that was "ENHANCED UNDER SECTION 12.42(D)" of the penal code. Appellant did not appeal the March 2011 nunc pro tunc judgment.

In July 2011, appellant filed a motion for judgment nunc pro tunc. Appellant contended that the first nunc pro tunc judgment was improper because in describing the enhancement of appellant's punishment, it used a capital letter in "12.42(D)" rather than stating that the punishment had been enhanced under penal code section "12.42(d)." In response to appellant's motion, the trial court entered a second nunc pro tunc judgment, which stated that his punishment had been enhanced under section "12.42(d)."

4

In August 2011, appellant filed a motion for new trial, alleging that the trial court had abused its discretion by entering the first nunc pro tunc judgment and changing the description of the classification of appellant's offense from a first-degree felony to a third-degree felony.[4] Appellant contended that the trial court used judicial reasoning when correcting the original judgment and that he was entitled to a new punishment hearing. Shortly after filing the motion for new trial, appellant brought this appeal, stating that he was appealing from the nunc pro tunc judgment signed on July 28, 2011.

## Appellant's Issues

In his first issue, appellant contends that the trial court abused its discretion by, in March 2011, granting the State's motion for judgment nunc pro tunc because the court allegedly applied judicial reasoning instead of correcting a clerical error when it changed the description of the offense in the judgment from

---

[4]This, however, is the precise relief that appellant requested by filing an original proceeding in this court and by filing a motion in the trial court before the State filed its motion for judgment nunc pro tunc. *See In re Loftin*, No. 02-11-00070-CV, 2011 WL 856939, at *1 (Tex. App.—Fort Worth Mar. 8, 2011, orig. proceeding) (mem. op.) ("[R]elator requested that the trial court's judgment be corrected to show that he was convicted of a third-degree felony with punishment enhancements rather than a first-degree felony."); *Loftin v. State*, No. 02-10-00531-CR, 2011 WL 476858, at *1 (Tex. App.—Fort Worth Feb. 10, 2011, no pet.) (mem. op., not designated for publication) ("Appellant Robbie Loftin filed a pro se 'Motion for Judgment Nunc Pro Tunc' in the trial court, contending that the . . . judgment of his conviction for driving while intoxicated erroneously state[d] that he was convicted of a first[-]degree felony instead of a third[-]degree felony, which the indictment had alleged.").

a first-degree felony to a third-degree felony. In his second issue, appellant contends that he is actually innocent of his underlying DWI conviction.

After a defendant's conviction becomes final, we have limited jurisdiction, on a timely direct appeal, to consider the propriety of a trial court's nunc pro tunc judgment, but we do not have authority to review the underlying conviction or other ancillary matters.[5] *See Blanton v. State*, 369 S.W.3d 894, 900, 904 (Tex. Crim. App. 2012); *Moore v. State*, 446 S.W.2d 878, 879 (Tex. Crim. App. 1969) ("The right of appeal before this Court is limited to the validity of the nunc pro tunc entry."); *Cunningham v. State*, 167 Tex. Crim. 641, 643, 322 S.W.2d 538, 540 (1959) ("In cases such as this the right of appeal, if any, is limited to the validity of the nunc pro tunc entry. Appellant is not entitled to appeal from the conviction itself . . . ."); *see also Collins v. State*, 240 S.W.3d 925, 929 (Tex. Crim. App. 2007) (explaining that an appeal from a nunc pro tunc judgment is not the correct procedure for deciding an issue related to the defendant's conviction); *Johnson v. State*, No. 03-98-00398-CR, 1998 WL 546340, at *1 (Tex. App.—Austin Aug. 31, 1998, pet. ref'd) (not designated for publication) ("The order granting judgment nunc pro tunc is itself an appealable order, but is distinct from the judgment of conviction."). A writ of habeas corpus under article 11.07 is the exclusive avenue of reviewing a final, noncapital felony conviction. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 5 (West Supp. 2012); *Ex parte Bake*r, 185

---

[5]We informed appellant of this fact in a March 2012 order, stating that he was "not entitled to challenge his underlying conviction" in this appeal.

S.W.3d 894, 895 (Tex. Crim. App. 2006); *Ex parte Mendenhall*, 209 S.W.3d 260, 261 (Tex. App.—Waco 2006, no pet.) (stating that "an article 11.07 habeas is the exclusive means to set aside a prior felony conviction in a collateral proceeding").

Although appellant timely appealed from the trial court's July 2011 nunc pro tunc judgment, neither of his issues relate to the propriety of that judgment, which simply changed "12.42(D)" to "12.42(d)." Instead, his first issue concerns the propriety of the March 2011 nunc pro tunc judgment. But appellant requested the change that the trial court made in the March 2011 judgment, and even if appellant was dissatisfied with that judgment, he did not timely appeal from it. *See Blanton*, 369 S.W.3d at 903–04 (explaining that appeals from nunc pro tunc judgments must be brought within thirty days after the judgment is entered); *see also* Tex. R. App. P. 26.2(a)(1) (stating that the defendant generally must file a notice of appeal within "30 days after . . . the day the trial court enters an appealable order"). Thus, we conclude that we cannot consider appellant's complaint about the March 2011 nunc pro tunc judgment in this appeal that, according to the precedent from the court of criminal appeals cited above, must be limited to the propriety of the timely-appealed July 2011 nunc pro tunc judgment.[6] We overrule appellant's first issue.

---

[6]Moreover, appellant does not adequately explain why he believes that the March 2011 nunc pro tunc judgment resulted from judicial reasoning. It is clear to us from the record and the law that appellant was charged with a third-degree felony (his indictment cited penal code section 49.09 and alleged two prior misdemeanor DWI convictions) and was convicted of that offense by a jury as charged in the indictment. *See* Tex. Penal Code Ann. § 49.09(b)(2). There is no

7

In appellant's second issue, he contends that he is actually innocent of his felony DWI charge, citing *Schlup v. Delo*, 513 U.S. 298, 314–15, 115 S. Ct. 851, 860–61 (1995). We cannot consider this claim in this limited appeal. As the State contends, such a claim must be presented through an application for a writ of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.07, §§ 4(a)(2), 5; *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) ("Article 11.07 provides the exclusive means to challenge a final felony conviction. Jurisdiction to grant post conviction habeas corpus relief . . . rests exclusively with this Court."); *Moore*, 446 S.W.2d at 879; *see also Ex parte Brooks*, 219 S.W.3d 396, 400–01 (Tex. Crim. App. 2007) (describing circumstances by which a *Schlup* claim may be brought under article 11.07). We overrule appellant's second issue.

---

provision in section 49.09 for elevating an ordinary DWI conviction under section 49.04 to a first-degree felony. Thus, the March 2011 judgment corrected a clerical error by making the judgment truly reflect what had occurred in appellant's trial. *See Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988).

## Conclusion

Having overruled appellant's issues, we affirm the trial court's July 28, 2011 "JUDGMENT OF CONVICTION BY JURY AMENDED NUNC PRO TUNC."

PER CURIAM

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 15, 2012