

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00149-CR

RAYMOND EARL BARNETT, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. 20922

Before Morriss, C.J., Carter and Moseley, JJ.

O R D E R

Raymond Earl Barnett, appellant, was convicted by a Fannin County jury in October 2005 of two counts of sexual assault of a child and a single count of indecency with a child by touching. On appeal, this Court affirmed Barnett's conviction of indecency with a child, but reversed and remanded for a new trial on both sexual assault of a child counts. *Barnett v. State*, No. 06-05-00281-CR, 2007 Tex. App. LEXIS 2724 (Tex. App.—Texarkana Apr. 10, 2007, pet. ref'd) (mem. op., not designated for publication). In July 2014, in response to a mandamus petition filed by Barnett with this Court, the State moved to dismiss both of the sexual assault counts still pending against Barnett. *See In re Barnett*, No. 06-14-00132-CR, 2014 Tex. App. LEXIS 9926 (Tex. App.—Texarkana Aug. 13, 2014, orig. proceeding) (mem. op., not designated for publication). On July 30, 2014, the trial court granted the State's motions to dismiss and also entered a nunc pro tunc judgment removing all references to the dismissed sexual assault counts from the judgment. Barnett appeals from the trial court's entry of this nunc pro tunc judgment.

While not expressly authorized by statute, a criminal defendant has the right of direct appeal from a *nunc pro tunc* judgment. *Blanton v. State*, 369 S.W.3d 894, 904–05 (Tex. Crim. App. 2012); *Moore v. State*, 446 S.W.2d 878, 879 (Tex. Crim. App. 1969). Rule 26.2 of the Texas Rules of Appellate Procedure requires that a criminal defendant's notice of appeal be filed within thirty days after the imposition or suspension of the sentence in open court **or** "after the day the trial court enters an appealable order." TEX. R. APP. P. 26.2(a)(1). "A nunc pro tunc judgment is an appealable order under Article 44.02 . . . ." *Blanton*, 369 S.W.3d at 904. The nunc pro tunc judgment in this case was entered July 30, 2014, making Barnett's notice of appeal

2

from that judgment due on or before August 29, 2014. Barnett's notice of appeal was timely filed August 20, 2014.

Barnett has also filed, both in this Court and in the trial court, motions seeking the appointment of counsel for purposes of this appeal. Before we can rule on Barnett's pending motion for the appointment of counsel, we must elicit the trial court's assistance in determining whether he is entitled to appointed counsel. We, therefore, abate this appeal to the trial court for a hearing on that matter. *See* TEX. R. APP. P. 20.2, 38.8(b).

We order the trial court to conduct a hearing within fifteen days of the date of this order to determine, as threshold matters, whether Barnett desires to pursue this appeal and, if so, whether he remains indigent. Should the trial court determine that Barnett is indigent, it shall immediately appoint counsel to represent him in this appeal. The trial court may also address such other matters as it deems appropriate. The trial court's findings and recommendations on the issues set forth and any others that the trial court believes may be helpful to the Court in this situation shall be entered into the record of the case and presented to this Court in the form of a supplemental clerk's record within fifteen days of the date of the hearing. *See* TEX. R. APP. P. 38.8(b)(3). The reporter's record of the hearing shall also be filed with this Court either as a part of the original reporter's record filed in this matter, or if the reporter's record is filed before the transcription of this hearing is completed, in the form of a supplemental reporter's record. *See id.*

All appellate timetables are stayed and will resume on our receipt of the supplemental appellate record.

3

IT IS SO ORDERED.

BY THE COURT

Date:  October 7, 2014