

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00394-CR

_____

ROHN M. WEATHERLY, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1380491D

Dissenting Memorandum Opinion by Justice Wallach

# DISSENTING MEMORANDUM OPINION

Today, the majority holds that it has no jurisdiction or authority to address appellant Rohn M. Weatherly's constitutional challenge to the statutory requirement that he register as a sex offender even though his offense involved no sexual misconduct. I respectfully lodge my dissent to both holdings. Weatherly timely noticed his appeal at the first opportunity to do so—when those restrictions were imposed—which invoked this court's jurisdiction. We are authorized to address the merits of Weatherly's appellate issue because he is directly attacking the validity of the nunc pro tunc order itself, not his underlying conviction and sentence. Additionally, and based on my review of the sex-offender registration program (SORP), I would disagree with the trial court and would hold that the application of the SORP to Weatherly's nonsexual offense violated his due-process rights because its application is not rationally related to the government's interest in the SORP—the need for heightened public awareness of and protection from sexual offenders.

## I. JURISDICTION AND AUTHORITY TO ADDRESS WEATHERLY'S CONSTITUTIONAL ISSUE

As the majority points out, the SORP findings were not imposed until the fourth nunc pro tunc order, which was signed in October 2019—almost four years after his January 2016 conviction for unlawful restraint of a child younger than

seventeen.[1]  *See* Tex. Penal Code Ann. § 20.02.  Before this order, Weatherly's judgment recited that the SORP "[r]equirements do not apply to the Defendant" and that the age of the victim was "N/A."  On the basis of this judgment, Weatherly appealed and unsuccessfully argued that his guilty plea was neither knowing nor voluntary.  *Weatherly v. State*, Nos. 02-16-00026-CR, 02-16-00027-CR, 2016 WL 7157300, at *2–5 (Tex. App.—Fort Worth Dec. 8, 2016, no pet.) (mem. op., not designated for publication).

Years after our appellate mandate issued, the State filed a motion for entry of a nunc pro tunc order, arguing that because Weatherly's conviction was reportable under the SORP, the judgment should be corrected to add the SORP findings.  *See* Tex. Code Crim. Proc. Ann. art. 42.01, § 1(27), arts. 62.001(5)(E), 62.051(a).  Five days later, Weatherly objected to the State's request and filed a motion to declare the SORP requirements unconstitutional as applied to him because his offense had not been sexually motivated.  The trial court denied Weatherly's motion but entered the nunc pro tunc order, adding the statutory SORP findings.  Weatherly timely noticed his appeal and again argues that the SORP requirements are unconstitutional as applied, rendering the nunc pro tunc order invalid.

---

[1]As the majority recognizes, the SORP findings previously were in the third nunc pro tunc order; however, the Court of Criminal Appeals "deleted" these findings because they were entered without notice to Weatherly, violating his procedural due-process rights.  *Ex parte Weatherly*, No. WR-61,215-07, 2019 WL 4318459, at *1 (Tex. Crim. App. Sept. 11, 2019) (per curiam) (not designated for publication).

## A. JURISDICTION

The majority holds that this court does not have "jurisdiction" over Weatherly's appeal from the fourth nunc pro tunc order. I disagree. The judgment of conviction for Weatherly's nonsexual offense did not reflect that he was subject to the sex-offender restrictions until more than two years after our mandate issued affirming Weatherly's conviction. This was his first opportunity to challenge the validity of the nunc pro tunc order and started Weatherly's appellate timetable. *See Williams v. State*, 603 S.W.3d 439, 446–47 (Tex. Crim. App. 2020) ("When an appealable order arises outside of the 'ordinary' appellate context, issues related to the order cannot be added to the direct appeal because at that point it is too late to include those issues with the direct appeal. Therefore, they must be raised in a separate appeal.").[2] Weatherly filed his notice of appeal less than thirty days after the fourth nunc pro tunc order was entered; thus, we have jurisdiction over the appeal. *See* Tex. R. App. P. 26.2(a)(1); *Blanton v. State*, 369 S.W.3d 894, 904 (Tex. Crim. App. 2012).

## B. AUTHORITY

The majority also casts doubt on this court's "authority" to address the merits of Weatherly's claim. In other words, the majority narrows the scope of this court's review. *See Barnett v. State*, No. 06-14-00149-CR, 2015 WL 5999663, at *2 (Tex. App.—Texarkana July 24, 2015, pet. ref'd) (mem. op., not designated for publication)

---

[2]The majority takes issue with my citation to *Williams*. I rely on *Williams* to show that this court's jurisdiction was triggered by Weatherly's notice of appeal filed less than thirty days after the trial court entered the appealable order at issue.

4

("Barnett's appeal of the judgment nunc pro tunc is timely. That said, the scope of an appeal from the entry of a nunc pro tunc judgment is limited."). I agree with the majority that in an appeal from a nunc pro tunc order, a defendant cannot challenge his or her underlying conviction and sentence. *See, e.g.*, *Cunningham v. State*, 322 S.W.2d 538, 540 (Tex. Crim. App. 1959). The scope of this court's review is, instead, limited to the "*validity* of the nunc pro tunc entry." *Moore v. State*, 446 S.W.2d 878, 879 (Tex. Crim. App. 1969) (emphasis added).

In my estimation, Weatherly's complaint is well within the permissible scope of this court's review of the nunc pro tunc order. *See Ex parte Weatherly*, No. WR-61,215-09, 2020 WL 913277, at *1 (Tex. Crim. App. Feb. 26, 2020) (per curiam) (not designated for publication) (dismissing Weatherly's postconviction habeas corpus application without prejudice based on "his [pending] appellate remedies with regard to the judgment *nunc pro tunc*" and recognizing some of Weatherly's habeas claims involved "the validity of the judgment *nunc pro tunc*"); *Evans v. State*, Nos. 07-17-00249-CR, 07-17-00250-CR, 07-17-00251-CR, 2018 WL 5305500, at *1–3 (Tex. App.—Amarillo Oct. 25, 2018, pet. ref'd) (mem. op., not designated for publication) (addressing merits of constitutional challenges to deadly-weapon findings entered in "later" nunc pro tunc judgments).[3] Weatherly is clearly challenging the nunc pro tunc

---

[3]The majority takes issue with my citation to *Evans*, arguing that the nunc pro tunc orders there were entered within the trial court's plenary power, allowing Evans to bring constitutional challenges to the nunc pro tunc, deadly-weapon findings. Although the *Evans* court does state that Evans's appeal was from his underlying

5

order adding the SORP findings, not the propriety of his underlying conviction and

fifteen-year sentence. *See Ex parte Curry*, 712 S.W.2d 878, 880 (Tex. App.—Austin

1986, no pet.). Specifically, he is attacking the constitutional validity of the nunc pro

tunc order, which we can and should address. *See Cunningham*, 322 S.W.2d at 540; *cf.*

---

convictions, there is no support in the memorandum opinion for the proposition that this introductory sentence unavoidably means the nunc pro tunc judgments were entered within the trial court's plenary power. Indeed, the appellate court notes that the nunc pro tunc judgments were entered "later" and that Evans filed his notice of appeal after the nunc pro tunc judgments were entered. *Evans*, 2018 WL 5305500, at *1. Further, the fact that Evans filed a motion to vacate the nunc pro tunc judgments does not establish that they were entered within the trial court's plenary power as the majority seems to suggest. Here, the State filed a motion to impose the SORP findings, and Weatherly filed a motion to declare the requested findings unconstitutional as applied; both were filed well outside the trial court's plenary power.

In its efforts to distinguish *Evans*, the majority "peek[s] behind the opinion" and relies on trial-court documents and jurisdictional issues that the *Evans* court did not; thus, the majority's discussion of these outside-the-opinion facts is improper and not relevant. *Cicairos v. Summit Logistics, Inc.*, 35 Cal. Rptr. 3d 243, 249 (Cal. Ct. App. 2005); *see Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 144–45, 131 S. Ct. 1436, 1448–49 (2011); *Texas v. Cobb*, 532 U.S. 162, 169, 121 S. Ct. 1335, 1341 (2001); *Waters v. Churchill*, 511 U.S. 661, 678, 114 S. Ct. 1878, 1889 (1994) (plurality op.); *Cuba v. Pylant*, 814 F.3d 701, 709 (5th Cir. 2016); *Emps. Cas. Co. v. Nat'l Bank of Com.*, 166 S.W.2d 691, 692 (Tex. [Comm'n Op.] 1942); *Dockum v. Mercury Ins. Co.*, 135 S.W.2d 700, 700–01 (Tex. [Comm'n Op.] 1940); *In re Athans*, 458 S.W.3d 675, 677 n.1 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding). The law in Texas is clear: Nunc pro tunc judgments may only be entered after a trial court has lost its plenary jurisdiction. *Williams*, 603 S.W.3d at 442–43. The *Evans* court described the judgments at issue as nunc pro tunc judgments and affirmed them as such. I see no reason to disagree.

In any event, an appellate court's authority to review any nunc pro tunc order is limited to its validity. *Moore*, 446 S.W.2d at 879. The only issues Evans raised in his appeal were directed to the constitutional validity of the nunc pro tunc judgments, and the appellate court addressed their merits. *Evans*, 2018 WL 5305500, at *1–3. This court should do the same.

6

*Harrelson v. Swan*, 381 F. App'x 336, 338–39 (5th Cir. 2010) (per curiam) (acknowledging that appeal challenging effect of nunc pro tunc order's language is not a collateral attack on original conviction even though "original judgments by necessity were germane to the case"); *Jones v. State*, 795 S.W.2d 199, 202 n.6 (Tex. Crim. App. 1990) (recognizing appeal from nunc pro tunc order must be limited to its validity, "at least under circumstances where no appeal was attempted from the original judgment").

I also believe our authority is apparent from a logistical standpoint. When was Weatherly supposed to challenge the trial court's denial of his motion to declare the SORP facially unconstitutional or to attack the addition of the SORP findings? Certainly not before the motion was filed and determined or before the findings were entered. The majority evidently seems to think so, as shown by its holding that this court has neither jurisdiction nor authority. This position would seem to violate Weatherly's right to procedural due process by denying him a meaningful opportunity to be heard on the issue in a timely appeal from the order under attack. *See generally Evitts v. Lucey*, 469 U.S. 387, 393, 105 S. Ct. 830, 834 (1985) (holding that if state creates appeals as of right, those appeals must comport with due-process and equal-protection guarantees).

I disagree with the majority that a postconviction habeas corpus writ would satisfy due process by hypothetically allowing Weatherly to attack counsel's alleged failure to tell him about the applicability of the SORP to his conviction. Such a writ

7

must challenge the fact or duration of confinement to be cognizable. *See, e.g.*, *In re Daniel*, 396 S.W.3d 545, 548 (Tex. Crim. App. 2013) (orig. proceeding); *Ex parte Rieck*, 144 S.W.3d 510, 519 (Tex. Crim. App. 2004). Weatherly challenges neither; thus, this postconviction avenue arguably could be closed to him. The Texas Court of Criminal Appeals seemed to indicate just that by recognizing that Weatherly's postconviction attacks were challenges to the order's validity and by dismissing his habeas corpus application in favor of this appeal. *Weatherly*, 2020 WL 913277, at *1.

According to the majority, Weatherly could argue in such a writ that counsel was ineffective for failing to inform him of the applicability of the SORP. However, that suggestion would require Weatherly to raise a claim substantively different from the claim he raises today and would wholly fail to address Weatherly's current constitutional claim or the trial court's denial of his motion seeking to block the entry of the SORP findings. Weatherly chose his method and angle of attack, which we have the jurisdiction to address based on his timely notice of appeal and the authority to address based on his validity challenge to the nunc pro tunc order. *See Blanton*, 369 S.W.3d at 904 ("A *nunc pro tunc* judgment is an appealable order under Article 44.02 if the appeal is timely filed. Because Appellant filed his appeal within the time limits of Rule 26.2, the [appellate court] has jurisdiction to consider the merits of Appellant's appeal."); *Cunningham*, 322 S.W.2d at 540 (holding appeal from nunc pro tunc order "is limited to the validity of the nunc pro tunc entry"). The majority's attempt to choose Weatherly's issue and advise him how and where to argue it strays

8

outside the boundaries of this court's duties. *See, e.g.*, *Meyer v. State*, 310 S.W.3d 24, 26 (Tex. App.—Texarkana 2010, no pet.). In any event, whether or not Weatherly has the ability to file a habeas corpus application or any other procedural device such as a mandamus petition is not relevant. I am not contending that Weatherly's timely appeal is his only remedy; in fact, it may not be. My contention is that because Weatherly filed a timely appeal from an appealable order, challenging the validity of that order, this court has the jurisdiction and authority to address its merits.

Therefore, I would conclude that Weatherly's claim is clearly a validity claim that challenges the constitutionality of the nunc pro tunc order's SORP findings as applied to him; thus, we have the authority to address the issue.[4] *See In re Lester*, 602 S.W.3d 469, 475 (Tex. 2020) (orig. proceeding) (recognizing judgment of conviction based on unconstitutional statute is not valid); *Weatherly*, 2020 WL 913277, at *1 (recognizing Weatherly's habeas challenges to nunc pro tunc order were validity challenges that could be brought in direct appeal from order); *cf. Karenev v. State*, 281 S.W.3d 428, 436 n.9 (Tex. Crim. App. 2009) (Cochran, J., concurring) ("And if the law defining a penal offense is facially unconstitutional, then no prosecution is valid, no conviction is valid, and no judgment is valid."); *Kelly v. State*, 724 S.W.2d 42,

---

[4]One judge on the Court of Criminal Appeals was wary of the effect of that court's decision to vacate the SORP findings in the third nunc pro tunc order: "[T]he one thing this Court should not do today . . . is vacate the entry of the judgment *nunc pro tunc*, especially if [Weatherly] may have forfeited his right to challenge the judgment [nunc pro tunc] on direct appeal." *Weatherly*, 2019 WL 4318459, at *1 (Yeary, J., dissenting). The majority appears to make Judge Yeary's concern a reality.

9

44 n.2 (Tex. Crim. App. 1987) (characterizing argument that revocation order was unconstitutional as a "validity" challenge). By considering and denying Weatherly's motion to declare the SORP unconstitutional as applied, the trial court seemingly agreed that it had the authority to determine the constitutionality of the State's request to enter a nunc pro tunc order. Weatherly should be able to attack the trial court's constitutionality determination.

In summary, Weatherly's appeal is not a collateral challenge to his years-old conviction and sentence; it is a challenge to the validity—constitutionality—of the fourth nunc pro tunc order. Weatherly timely filed his notice of appeal from the entry of that order. Accordingly, I dissent from the majority's conclusions that we do not have jurisdiction or authority to consider Weatherly's challenge to the constitutional validity of the fourth nunc pro tunc order.

## II. DUE-PROCESS VIOLATION

Based on the majority's holdings, it understandably does not address the merits of Weatherly's constitutional claim. Weatherly argues that the SORP statute, as applied to his conviction for an offense with no allegation of sexual misconduct, violates his substantive due process rights.[5] I believe Weatherly is correct: Imposing

---

[5]By only challenging the SORP "as applied," Weatherly is not arguing that the SORP generally operates unconstitutionally but, rather, he asserts that it is unconstitutional as applied to his particular circumstances. *See Faust v. State*, 491 S.W.3d 733, 743 (Tex. Crim. App. 2015).

the SORP requirements on Weatherly, while authorized by that statute, violates his right to due process.

I first indulge in a brief history of the SORP in Texas to provide background for my discussion. In 1991, the Texas Legislature created an SORP that required certain offenders to register their residency with local law enforcement. Act of May 26, 1991, 72nd Leg., R.S., ch. 572, § 1, 1991 Tex. Gen. Laws 2029, 2029–30 (current version at Tex. Code Crim. Proc. Ann. art. 62.051). Initially, the offenses subject to the reporting requirements were plainly sexual in nature. *Id.* The SORP's purpose was to identify and monitor sex offenders based on the violent nature of their crimes and their high rate of recidivism. *See Young v. State*, 341 S.W.3d 417, 426 (Tex. Crim. App. 2011); *see also Smith v. Doe*, 538 U.S. 84, 102–03, 123 S. Ct. 1140, 1152 (2003). Eight years later and partially in response to federal congressional-funding requirements, the Texas Legislature added several offenses to the statutory list of offenses subject to the SORP, including unlawful restraint. Act of May 26, 1999, 76th Leg., R.S., ch. 1193, § 4, 1999 Tex. Gen. Laws 4178, 4179 (current version at Tex. Code Crim. Proc. Ann. art. 62.001(5)); Senate Comm. on Crim. Justice, Bill Analysis, Tex. S.B. 399, 76th Leg., R.S. (1999); *see Smith*, 538 U.S. at 89–90, 123 S. Ct. at 1145–46.

Of course, it is the Legislature's prerogative to determine which offenders should be subjected to the strictures of the SORP. That prerogative, as applied to a certain defendant, must also comport with due process. The United States

11

Constitution requires the provision of due process before a governmental deprivation of life, liberty, or property occurs. U.S. Const. amend. V; *id.* amend. XIV, § 1. Substantive due process protects individuals against governmental actions that unduly infringe on a fundamental right or liberty interest unless the infringement is narrowly tailored to serve a compelling state interest. *See Reno v. Flores*, 507 U.S. 292, 301–02, 113 S. Ct. 1439, 1446–47 (1993); *Schlittler v. State*, 488 S.W.3d 306, 312–13 (Tex. Crim. App. 2016). If a right is not classified as fundamental, substantive due process is offended if the challenged action has no rational relationship to a legitimate state interest. *Washington v. Glucksberg*, 521 U.S. 702, 720–22, 117 S. Ct. 2258, 2267–68 (1997); *Estes v. State*, 566 S.W.3d 342, 347 (Tex. App.—Fort Worth 2018, no pet.); *Ex parte Morales*, 212 S.W.3d 483, 492–94 (Tex. App.—Austin 2006, pet. ref'd); *see also Flores*, 507 U.S. at 305, 113 S. Ct. at 1448–49 ("[N]arrow tailoring is required only when fundamental rights are involved. The impairment of a lesser interest . . . demands no more than a 'reasonable fit' between governmental purpose . . . and the means chosen to advance that purpose.").

Asserted rights and interests are uncommonly characterized as fundamental, and courts are cautious to establish new territory in this area. *See Glucksberg*, 521 U.S. at 720–21, 117 S. Ct. at 2267–68; *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 125, 112 S. Ct. 1061, 1068 (1992). Weatherly seems to recognize this constraint by focusing his argument on the absence of a rational basis to require him to register as a sex offender. Accordingly, whether the SORP unduly infringes on Weatherly's

12

fundamental rights or liberty interests need not be determined today.[6]  Our inquiry is

not narrow tailoring; a rational relationship to a legitimate state interest is.  *Flores*,

507 U.S. at 305, 113 S. Ct. at 1448–49.

Again, the purpose of the SORP is to monitor sex offenders, protecting the

public from sexual predators who are seen as more likely recidivists.  *Young*,

341 S.W.3d at 426; *Chamberlain*, 352 S.W.3d at 122; *M.A.H.*, 20 S.W.3d at 863.  The

State has an express interest in the SORP: "[T]o 'give local law enforcement officers a

means of monitoring sex offenders who are living within their jurisdiction in order to

better thwart repeat offenders.'"  *Young*, 341 S.W.3d at 426 (quoting bill analysis); *see

also Barker v. State*, 335 S.W.3d 731, 736 (Tex. App.—Houston [14th Dist.] 2011, pet.

ref'd) ("Protecting the public from miscreant criminal behavior by known sex

offenders is the legitimate governmental purpose of SORP.").  This interest clearly is a

---

[6]Some courts, including this court, have held that the SORP does not affect a fundamental right or liberty interest for purposes of due process. *See, e.g., Doolittle v. State*, No. 03-16-00685-CR, 2017 WL 2729670, at *5 (Tex. App.—Austin June 22, 2017, no pet.) (mem. op., not designated for publication); *Ex parte Chamberlain*, 352 S.W.3d 121, 122–23 (Tex. App.—Fort Worth 2011, pet. ref'd); *Ex parte Mercado*, No. 14-02-00750-CR, 2003 WL 1738452, at *3–4 (Tex. App.—Houston [14th Dist.] Apr. 3, 2003, no pet.) (mem. op., not designated for publication); *In re M.A.H.*, 20 S.W.3d 860, 864–65 (Tex. App.—Fort Worth 2000, no pet.) (per curiam) (op. on reh'g); *cf. Flores*, 507 U.S. at 302–03, 113 S. Ct. at 1447–48 (holding alien juvenile's right to be released to "private custodian" instead of detained on suspicion of being deportable was not fundamental for purposes of substantive due process).  However, I believe that the label "sex offender" carries a visceral stigma that few other labels do, *see Coleman v. Dretke*, 395 F.3d 216, 222–23 (5th Cir. 2004), and I observe that the SORP imposes restrictions on a sex offender's employment and residence, *see* Tex. Code Crim. Proc. Ann. arts. 62.063, 62.064.  Whether that stigma and those burdens imposed on a nonsexual offender implicate a fundamental right or interest, again, is not argued here.

legitimate one. *Barker*, 335 S.W.3d at 736. Thus, the SORP as applied to Weatherly must be rationally related to this legitimate interest.

I would conclude that the SORP as applied to Weatherly is not rationally related to this legitimate governmental interest. The justifications for the efficacy of the SORP presuppose that the convicted offender is, in fact, a sexual offender. Here, it is undisputed that Weatherly's offense had no sexual component to it. While some unlawful-restraint-of-a-child convictions could have such a component, e.g., if the unlawful restraint was committed in the course of a sexual assault, no such allegation was present in the State's prosecution of Weatherly. Indeed, the State recognizes in its brief that it "never alleged the offense had a sexual intent or component." The governmental interest of protecting the public from sexual offenders and tracking them based on their high recidivism rates bears no rational relationship to requiring Weatherly as a nonsexual offender to register as a sex offender. *Accord, e.g.*, *State v. Robinson*, 873 So. 2d 1205, 1214–17 (Fla. 2004); *State v. Small*, 833 N.E.2d 774, 781–83 (Ohio Ct. App. 2005) (op. on reconsideration); *cf.* Marion Buckley & J. Michael True, *"Sex Offenders" but No Sex Crime?*, 95 Ill. B.J. 482, 483 (2007) (noting Illinois Legislature amended its SORP in 2006 to remove nonsexual offenses "to curtail the too-broad reach of the SOR[P]" and to avoid "the stigmatizing label of 'sex offender'"). *But see, e.g.*, *State v. Smith*, 780 N.W.2d 90, 100–07 (Wis. 2010) (holding registration of nonsexual offenders did not violate substantive due process based on rational relationship to legitimate state interest); *People v. Beard*, 851 N.E.2d 141, 146 (Ill. App.

14

Ct. 2006) (same). Requiring Weatherly to register as a sex offender when his offense undeniably had no sexual component is more than a mere "imperfect fit" to SORP's purpose, it is not rationally related. *Heller v. Doe ex rel. Doe*, 509 U.S. 319, 320–21, 113 S. Ct. 2637, 2643 (1993).

## III. CONCLUSION

Because Weatherly attacks the validity of the SORP requirements initially imposed in the nunc pro tunc order, his appeal is not an impermissible collateral attack on his conviction and sentence. Accordingly, his timely notice of appeal from the nunc pro tunc order vests this court with jurisdiction to address the merits of his complaint directed to the validity of that order. I dissent from the majority's holding that Weatherly's complaint is an attack on his original conviction and from its failure to address his issue.

Weatherly does not argue that the SORP requirements as applied to him implicate a fundamental right or liberty interest; but imposing such requirements on him based on his conviction for unlawful restraint of a child, which the State recognizes included no sexual-intent allegation or sexual component, bears no rational relationship to the stated governmental interest of tracking sex offenders and preventing their recidivism. I would reverse the trial court's order denying Weatherly's motion to declare the SORP unconstitutional as applied to him and, thus, dissent from this court's judgment affirming the trial court.

15

/s/ Mike Wallach

Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  January 7, 2021